UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL MYERS,                                  :
   Petitioner,                                  :
                                 :
    v.                                          :          Case No. 3:23-cv-753 (MPS)
                                   :
CONNECTICUT COMMISSION OF                       :
CORRECTION,                                     :
   Respondent.                                  :

**MEMORANDUM OF DECISION**

Petitioner, Michael Myers, filed this petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 challenging his state court conviction.  The respondent has filed a motion to

dismiss the petition on the ground that the petition is untimely filed.  For the following reasons,

the motion to dismiss is denied and the respondent is directed to address the petition on the

merits.

I.       **Procedural Background**[1]

On June 20, 2008, the petitioner was convicted, after a jury trial of intentional

manslaughter in the first degree, carrying a pistol without a permit, tampering with physical

evidence, and criminal possession of a firearm and sentenced to a term of imprisonment of fifty

years.  Pet., ECF No. 1, ¶¶ 2(b), 3, 5.

---

[1] As the motion to dismiss argues only that the petition is untimely filed, the Court does not elaborate on the grounds asserted in the various appeals and petitions or recite the facts underlying the conviction.

On direct appeal, the petitioner challenged his conviction on five grounds.  The Connecticut Appellate Court affirmed the conviction on January 25, 2011, and the Connecticut Supreme Court denied certification on March 16, 2011.  *State v. Myers*, 126 Conn. App. 239, 11 A.3d 1100, *cert. denied*, 300 Conn. 923, 14 A.3d 1006 (2011).

On December 19, 2011, the petitioner filed a petition for writ of habeas corpus in state court.  On September 16, 2014, the court denied relief on all claims.  *Myers v. Commissioner of Corr.*, No. CV124004541, 2014 WL 5356142 (Conn. Super. Ct. Sept. 16, 2014).  On March 22, 2016, the Connecticut Appellate Court denied the petitioner's appeal of the denial of his state habeas petition.  *Myers v. Commissioner of Corr.*, 164 Conn. App. 1, 134 A.3d 237 (2016).

Under Connecticut rules of practice, the petitioner had twenty days to file a petition for certification to the Connecticut Supreme Court.  *See* Conn. Practice Book § 84-4.  He did not comply with this requirement.  Instead, on  May 10, 2023, seven years later, the petitioner filed a petition for certification, but did not separately seek leave to file a late appeal as required under the Connecticut rules of practice.  *See* Resp't's Mem. App. H *and* Connecticut Practice Book § 60-2(5).   The Connecticut Supreme Court denied certification on June 6, 2023, without referencing the improper filing.  *Myers v. Commissioner of Corr.*, 346 Conn. 1027, 295 A.3d 944 (2023).

On December 14, 2015, while the appeal of his first habeas action was pending in the Connecticut Appellate Court, the petitioner filed a second state habeas petition, *Myers v. Commissioner of Corr.*, No. TSR-CV-16-4007719-S.  *See* civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSR164007719S.  He withdrew that petition on May 4, 2023.  *See id.*

The petitioner commenced this action by petition filed on June 9, 2023.

## II.       Standard of Review

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the same standard as when reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069(VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period commences when the petitioner's conviction becomes final. That date is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed,[2] *id.*, and may be tolled for the period during which "a properly filed application for State post-conviction or other

---

[2] The statute also provided that the limitations period may commence on
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date of which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). None of these provisions are relevant to this action.

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction

includes review by Supreme Court on petition for writ of certiorari).

   III.    Discussion

        The respondent moves to dismiss the petition as barred by the one-year statute of

limitations. The petitioner's conviction became final on June 14, 2011, at the conclusion of the

time within which he could have filed a petition for certiorari at the United States Supreme

Court. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (limitations period commenced

at completion of certiorari process or conclusion of ninety-day period during which petitioner

cold have filed certiorari petition).

        The limitations period commenced the following day and was tolled on December 19,

2011, the day the petitioner filed his first state habeas petition. At that time, 188 days had

elapsed. As the petitioner filed his second state habeas petition while his appeal was pending at

the Connecticut Appellate Court, the limitations period did not commence again until May 5,

2023, the day after he withdrew the second state habeas action.

        The respondent argues that the petitioner's May 10, 2023 petition for certification was

not properly filed.[3] The petitioner commenced this action on June 9, 2023. Even eliminating the

time that the petition for certification was pending, only an additional thirty-five days of the

limitations period would have passed from the date of withdraw of the second state habeas

petition. Thus, the petitioner has used, at most, 223 days of the limitations period. Thus, this

petition is timely filed.

---

[3] As the respondent does not contend that that petitioner failed to properly exhaust his state court remedies, the Court need not determine whether the petition for certification was properly filed.

IV.     **Conclusion**

The respondent's motion to dismiss the petition [**ECF No. 11**] is **DENIED**.  The

respondent is directed to file a response addressing the petitioner's grounds for relief within

thirty days from the date of this Order.

**SO ORDERED** this 1st day of  February 2024 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge