UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL MYERS,<br>    Petitioner,<br><br>v.<br><br>CONNECTICUT COMMISSION OF<br>CORRECTION,<br>    Respondent. | Case No. 3:23-cv-753 (MPS) |

**RULING ON MOTION FOR RECONSIDERATION**

Petitioner, Michael Myers, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. On August 22, 2024, the Court denied the petition. The petitioner now has filed a motion for reconsideration. For the following reasons, the motion for reconsideration is denied.

I.   Standard of Review

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal quotation marks omitted); *see Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018)

("Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion.") (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

II. Discussion

The petitioner does not identify any change in controlling law or new evidence relating to the claims in his petition. He does not even refer to the Court's consideration of those claims in this motion. Instead, he states that he did not file a reply memorandum because he was waiting for the Court to order him to do so. The Court assumes that the petitioner is seeking reconsideration "to prevent manifest injustice."

The petitioner appears to assume that the response to the petition is treated like a motion filed by the respondent to which a response is required. This is incorrect. "The respondent is not required to answer the petition unless a judge so orders." Rule 5(a) of the Rules Governing

2

Section 2254 Cases in the United States District Courts. Here the Court ordered the respondent to address the grounds asserted in the petition. *See* Doc. No. 18. The rule further provide that the petitioner may, but is not required to, file a reply and "[t]he judge must set the time to file unless the time is already set by local rule." Rule 5(c). Local Court rules provide that "[a]ny reply memorandum, including cases brought under 28 U.S.C. § 2254 ..., must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made...." D. Conn. L. Civ. R 7(d). As the local rule specifically addresses the time to file a reply to the response to an order to show case in a section 2254 case, the Court was not required to inform the petitioner of the time to file a reply memorandum. The Court notes that the petitioner had access to this local rule as he quotes another section of Local Rule 7 in his motion. Thus, reconsideration is not warranted.

III.   Conclusion

The petitioner's motion for reconsideration [**Doc. No. 27**] is **DENIED**.

**SO ORDERED** this 18th day of February 2025 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge